UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
MALONE/PLATTSBURGH DIVISION

| | |
|---|---|
| JAMIE L. DUSTIN; an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC.; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.: 8:14-cv-69 (TJM/CFH)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

### I.   INTRODUCTION

1. Jamie L. Dustin ("Plaintiff") brings this action against Santander Consumer USA, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.   JURISDICTION AND VENUE

COMPLAINT FOR DAMAGES
13-cv-XXXXXX

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.   PARTIES

4. Plaintiff is an individual residing in the city of Malone, County of Franklin, New York, 12953.

5. Defendant Santander Consumer USA, Inc. is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business located at 8585 N. Stemmons Frwy, Suite 1100 N, Dallas, TX 75247. Defendant's registered agent is C T Corporation System, 111 Eighth Ave, New York, New York, 10011.

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.    FACTUAL ALLEGATIONS

7.    In May 2011, Plaintiff financed a vehicle through Defendant.

8.    On or about October 2013, Plaintiff defaulted in his obligation to Defendant, and fell behind in payments due to financial hardship.

9.    At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (888) 222-4227.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number (888) 222-4227 for the purpose of collecting the alleged debt.

10.    At all times relevant to this action, while conducting business in New York, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

11.    At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. § 227(a)(1), that originated, routed and/or terminated telecommunications.

12.    Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (917) 216-2648 multiple times

using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. § 227(a)(1)(A) and (B).

13. Within four years prior to the filing of this action, Defendant communicated with Plaintiff at Plaintiff's cellular telephone number (518) 651-1324.

14. Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" no less than five (5) times after Plaintiff demanded that Defendant cease calling Plaintiff's cellular telephone.

15. On or about December 13, 2013, at approximately 12:00 p.m., Defendant called Plaintiff's cellular telephone number (518) 651-1324 from Defendant's telephone number (888) 222-4227, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (a)(1). Plaintiff spoke with a representative of Defendant and demanded that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

16. Despite Plaintiff's request and his revocation of consent to be called on his cellular telephone, Defendant continued to call Plaintiff on his cellular telephone at the following dates and times:

      a. December 14, 2013 at 12:00 p.m.

      b. December 15, 2013 at 5:30 p.m.

      c. December 16, 2013 at 11:16 a.m.

      d. December 16, 2013    at 12:07 p.m.

      e. December 16, 2013 at 7:50 p.m.

17. None of these calls were authorized by Plaintiff. Assuming Defendant had Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice", Plaintiff revoked this consent on, but not limited to, December 13, 2013.

18. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

19. Defendant is not a tax exempt nonprofit organization.

20. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant stop calling Plaintiff, and Defendant continued to call Plaintiff.

21. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than five (5) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

///

///

## V.     FIRST CAUSE OF ACTION

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

22.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully set forth herein.

23.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone

dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant violated the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(e) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g) For such other and further relief as the Court may deem just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED: January 22, 2014

RESPECTFULLY SUBMITTED,

By: /s/Stuart M. Price
Stuart M. Price, Esq. (513461)

PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730
stuart@plglawfirm.com
*Counsel for Plaintiff*